IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTIANA ITIOWE, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES GOVERNMENT OBAMA ADMINISTRATION, et al., <br><br> Defendants. | Civil No. 16-9409 (RMB/KMW) <br><br> **OPINION** |

Pending before this Court are two Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants The United States Government Obama Administration, Mr. Barrack Obama; The United States Government Trump Administration, Mr. Donald Trump; U.S. Department of Justice, Jeff Sessions; Supreme Court of the United States, Attention: Mr. John Roberts; John Kelly, U.S. Department of Homeland Security; Michael Fisher, the United States Court of Appeal; Kent Jordan, the United States Court of Appeal; Thomas Vanaskie, the United States Court of Appeal; Jerome Simandle, the United States District Court; Michael Shipp, the United States District Court; Douglas Arpert, the United States District Court; and Megan Brennan, USPS Post Office ("federal defendants") [Docket No. 10]; and the New Jersey State Police; the New Jersey Motor Vehicle Commission; the Superior Court of

New Jersey – Appellate Division; the Superior Court of New Jersey – Mercer Vicinage; Governor Chris Christie; New Jersey State Police Superintendent Colonel Rick Fuentes; New Jersey Motor Vehicle Commission Chief Administrator Raymond P. Martinez; the Honorable Carmen H. Alvarez, P.J.A.D.; the Honorable Susan L. Reisner, P.J.A.D.; the Honorable George S. Leone, J.A.D.; the Honorable Mitchel E. Ostrer, J.S.C.; the Honorable Douglas Hurd, P.J.Cv.; and the Honorable Darlene J. Pereksta, J.S.C. (the "state Defendants") [Docket No. 18]. Plaintiff Christiana Itiowe has also moved to Stay the Proceedings [Docket No. 12].

Plaintiff, who represents herself, appears to allege that the United States has perpetrated a civil rights conspiracy against her life, property, rights and liberty in connection with her car being "attacked," the suspension of her driver's license and her heart attack. (Doc. 6 [Amended Complaint], p. 7). The Court agrees with the federal Defendants' Motion that Plaintiff provides no factual basis for how the United States, the New Jersey State entities, let alone the named federal and state Defendants, carried out the alleged conspiracy, violated her civil rights, injured her or damaged her property. Moreover, Plaintiff fails to provide any support for her claim that she is entitled to the $800 trillion she seeks in relief. (Doc. 6 [Amended Complaint], p. 18).

Plaintiff's difficult-to-follow, almost incomprehensible, Complaint fails to suggest the existence of any plausible claim. Rule 8(a)(2) requires that every complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. Riv. Civ. P. 8(a)(2). The Plaintiff, in her pleading, must give the Defendant fair notice of what the claim is and enough in the way of factual grounds upon which is rests to plausibly demonstrate that she is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged – but has not shown – that the pleader is entitled to relief. Iqbal, 556 U.S. at 678-79. Missing here is even the possibility of misconduct. Plaintiff fails to state any facts supporting her claims, how any of the defendants engaged in a civil rights conspiracy and why she is entitled to the $800 trillion she seeks in relief. The Complaint must recite factual allegations enough to raise the right to relief above the speculative level. Twombly, 550 U.S. at 555; Fowler, 578 F.3d at 234.

Accordingly, for the foregoing reasons, both Motions to Dismiss [Docket Nos. 10 and 18] are GRANTED. Plaintiff's "Motion to Stay the Proceedings" is DENIED as it suffers from the same pleading deficiencies discussed above. Indeed, it is

Plaintiff's difficult-to-follow, almost incomprehensible, Complaint fails to suggest the existence of any plausible claim. Rule 8(a)(2) requires that every complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. Riv. Civ. P. 8(a)(2). The Plaintiff, in her pleading, must give the Defendant fair notice of what the claim is and enough in the way of factual grounds upon which is rests to plausibly demonstrate that she is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged – but has not shown – that the pleader is entitled to relief. Iqbal, 556 U.S. at 678-79. Missing here is even the possibility of misconduct. Plaintiff fails to state any facts supporting her claims, how any of the defendants engaged in a civil rights conspiracy and why she is entitled to the $800 trillion she seeks in relief. The Complaint must recite factual allegations enough to raise the right to relief above the speculative level. Twombly, 550 U.S. at 555; Fowler, 578 F.3d at 234.

Accordingly, for the foregoing reasons, both Motions to Dismiss [Docket Nos. 10 and 18] are GRANTED. Plaintiff's "Motion to Stay the Proceedings" is DENIED as it suffers from the same pleading deficiencies discussed above. Indeed, it is

rambling and incomprehensible.  The Court will grant Plaintiff thirty days from the date of this order to file an amended complaint that complies with the Federal Rule of Civil Procedure containing a "short and plain statement of the claim" showing she is entitled to relief and a "short and plain statement for the Court's jurisdiction."  Federal Rules of Civil Procedure 8(a).  In the event Plaintiff does not file an amended complaint the Court will enter an order of dismissal with prejudice.  In the event Plaintiff does file an amended complaint, the federal and state Defendants shall not file a responsive pleading until further Order of the Court, affording this Court the opportunity to determine, <u>sua sponte</u>, pursuant to Federal Rules of Civil Procedure 12(b)(1) if the allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, plainly unsubstantial, . . . or no longer open to discussion."  <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974)(internal citations and quotation marks omitted).

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2017