**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| CHRISTIANA ITIOWE,<br><br>            Plaintiff,<br><br>      v.<br><br>THE UNTIED STATES GOVERNMENT<br>OBAMA ADMINISTRATION, et al.,<br><br>            Defendants. | Civil No. 16-9409 (RMB/KMW)<br><br>**OPINION** |

**BUMB**, United States District Judge:

This matter comes before the Court upon the filing of an Amended Complaint by Plaintiff Christiana Itiowe. [Dkt. No. 33]. For the reasons stated below, Plaintiff's Amended Complaint will be dismissed, with prejudice, Plaintiff's claims against all Defendants in this matter will be dismissed, with prejudice, and this matter will be closed.

On December 19, 2016, Plaintiff filed a Complaint against The Untied States (sic); President Obama; and then President-elect Trump. On February 21, 2017, Plaintiff filed an Amended Complaint adding the U.S. Department of Justice; Jeff Sessions; the Supreme Court of the United States, Attention: Mr. John Roberts; John Kelly; the United States Department of Homeland Security; Judges Michael Fisher, Thomas Vanaskie, and Kent

Jordan of the United States Court of Appeals for the Third
Circuit; District Court Judges Jerome Simandle and Michael
Shipp, and Magistrate Judge Douglas Arpert, of the United States
District Court for the District of New Jersey; Megan Brennan;
the United States Postal Service, (collectively, the "Federal
Defendants"); the New Jersey State Police; the New Jersey Motor
Vehicle Commission; the Superior Court of New Jersey – Appellate
Division; the Superior Court of New Jersey – Mercer Vicinage;
Governor Chris Christie; New Jersey State Police Superintendent
Colonel Rick Fuentes; New Jersey Motor Vehicle Commission Chief
Administrator Raymond P. Martinez; the Honorable Carmen H.
Alvarez, P.J.A.D.; the Honorable Susan L. Reisner, P.J.A.D.; the
Honorable George S. Leone, J.A.D.; the Honorable Mitchel E.
Ostrer, J.S.C.; the Honorable Douglas Hurd, P.J.Cv.; and the
Honorable Darlene J. Pereksta, J.S.C. (collectively, the "State
Defendants"); the Trenton Police Department; Police Director
Ernest Parrey, Jr.; the City of Trenton; Mayor Eric Jackson;
Kimberley Wilson, Chief Municipal Prosecutor for Trenton;
Municipal Judges Kenneth Lozier and Douglas Hoffman; Hamilton
Township Chief of Police James Collins; and Hamilton Township
Municipal Prosecutor Jerry Dasti (collectively, the "Local
Defendants").

On March 20, 2017, the Federal Defendants filed a motion to
dismiss. [Dkt. No. 10]. On April 24, 2017, the State Defendants

filed a motion to dismiss. [Dkt. No. 18]. On September 26, 2017, the Court granted both motions. [Dkt. No. 26]. In its accompanying Opinion, the Court explained that because Plaintiff (1) provided no factual basis for any of her claims of conspiracy; (2) failed to provide any basis whatsoever for her entitlement to the $800 trillion she seeks in relief; and (3) because her Complaint was "almost incomprehensible," Plaintiff failed to comply with Fed. R. Civ. P. 8. [Dkt. No. 25]. The Court granted Plaintiff thirty days to file an amended complaint containing a "short and plain statement" of her claim. [Id. at 4]. The Court warned Plaintiff that if she did not file an amended complaint, her Complaint would be dismissed with prejudice. Moreover, the Court held that the Federal and State Defendants need not file responsive pleadings until further Order of the Court, "affording this Court the opportunity to determine, sua sponte, pursuant to Federal Rule of Civil Procedure 12(b)(1), if the allegations 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, plainly unsubstantial, . . . or no longer open to discussion.'" [Id. (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)(internal citations and quotation marks omitted))].

On December 27, 2018, Plaintiff filed her Second Amended Complaint. [Dkt. No. 33]. This amended filing suffers from the

same deficiencies as Plaintiff's previous filings. For the most

part, it merely repeats the vague allegations found in the

Amended Complaint with a few stylistic changes. It is unclear

from Plaintiff's Second Amended Complaint how any of the State

or Federal Defendants – or any Defendant for that matter[1] – is

alleged to have violated Plaintiff's rights in any way. The

portions of the filing that the Court can comprehend merely

consist of vague conclusory allegations of a conspiracy against

Plaintiff involving an "attack" against her car, her drivers

license being revoked, and Plaintiff suffering from a heart

attack. Plaintiff's Second Amended Complaint contains no

plausible factual allegations of wrongdoing by any Defendant.

Thus, not only does Plaintiff's Second Amended Complaint fail to

provide "a short and plain statement of the claim showing that

the pleader is entitled to relief" as required by Fed. R. Civ.

P. 8(a)(2), but the allegations contained therein are "plainly

---

[1] Several Defendants in this matter have not filed answers or
otherwise responded to Plaintiff's pleadings. Because
Plaintiff's claims against such Defendants suffer from the same
problems as those against the State and Federal Defendants, the
Court will sua sponte dismiss those claims. See, e.g., Itiowe
v. Trentonian, 620 F. App'x 65, 67 n.2 (3d Cir. 2015) (citing
and quoting Hagans, 415 U.S. at 536-37) ("a federal court may
sua sponte dismiss a complaint pursuant to Federal Rule of Civil
Procedure 12(b)(1) when the allegations within the complaint
'are so attenuated and unsubstantial as to be absolutely devoid
of merit, . . . wholly insubstantial, . . . obviously frivolous,
. . . plainly unsubstantial, . . . or no longer open to
discussion.'").

unsubstantial." <u>Hagans</u>, 415 U.S. at 536–37. Accordingly,

Plaintiff's Second Amended Complaint will be dismissed, with

prejudice.[2]

s/ Renee Marie Bumb
_____
RENÉE MARIE BUMB
United States District Judge

DATED: May 1, 2018

_____

[2] The Court recognizes that because Plaintiff is <u>pro se</u>, her pleadings must be interpreted liberally. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)); <u>see also</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) ("[H]owever inartfully pleaded," the "allegations of a <u>pro se</u> complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"). This does not, however, totally absolve Plaintiff of the need to adhere to the Federal Rules of Civil Procedure. <u>See, e.g.</u>, <u>Fantone v. Latini</u>, 780 F.3d 184, 193 (3d Cir. 2015), <u>as amended</u> (Mar. 24, 2015)("a <u>pro se</u> complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'"). Even affording Plaintiff's Second Amended Complaint the most liberal interpretation, it does not state any cognizable claims.
   The Court is also cognizant that because cases are best resolved on their merits, leave to amend should be freely given when justice so requires. <u>See</u> <u>Mullin v. Balicki</u>, 875 F.3d 140, 149 (3d Cir. 2017)(citing Fed. R. Civ. P. 15(a)(2)). Moreover, in civil rights cases, "district courts must offer amendment . . . —irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." <u>Id.</u> at 151 (citing <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007); <u>Estate of Lagano v. Bergen Cty. Prosecutor's Office</u>, 769 F.3d 850, 861 (3d Cir. 2014)). Here, however, after two attempts at amendment, Plaintiff's pleadings are still incomprehensible. <u>See</u> <u>Mullin</u>, 875 F.3d at 149-50 (citing <u>Foman v. Davis</u>, 371 U.S. 178 (1962). The Court will not grant Plaintiff leave to amend her Complaint a third time.